UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 98-4410

SHAKIR AASIM VENSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 98-4411

LONNIE RICHARD DANIEL,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-97-73)

Submitted: February 4, 1999

Decided: February 24, 1999

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Robert McGhee, Jr., KAY, CASTO, CHANEY, LOVE &
WISE; Jacqueline Ann Hallinan, Charleston, West Virginia, for

Appellants. Rebecca A. Betts, United States Attorney, Ray M. Shepard, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Shakir Aasim Venson and Lonnie Richard Daniel, each pled guilty to one count of conspiracy to distribute cocaine base.[1] Following a three day hearing, the court sentenced Venson to imprisonment for a term of 360 months followed by a five year term of supervised release, and Daniel to 312 months, with a five year supervised release term. Appellants timely appeal, raising several claims of error arising out of the sentencing hearing. Having conducted a thorough review of the record, we find no error. Therefore we affirm the sentences for the reasons set forth below.

Appellants initially assign error to the district court's decision accepting the testimony of several Government witnesses at the sentencing hearing. This claim is based on (1) an alleged failure of the Government to reveal exculpatory or impeaching information, (2) the manner in which testimony was presented to the court, and (3) the credibility of the witnesses. We find these arguments unpersuasive.

Appellants first claim that the court erred in receiving the testimony of Alphonso Young and George Clements because of the United States' failure to comply with the tenets of Giglio v. United States, 405 U.S. 150, 154 (1972) (discussing government's responsi-

_____

[1] Appellants' charges stemmed from their participation in a cocaine distribution scheme that supplied residents of Huntington, West Virginia, with cocaine base from Georgia and Ohio.

2

bility to disclose impeaching evidence regarding prosecution witnesses). It is undisputed that Appellants submitted comprehensive discovery requests for information of an exculpatory or impeaching nature. Nevertheless, the United States failed to provide the Appellants with a copy of Young's criminal record prior to the hearing.[2] (Joint Appendix (J.A.) at 159). Furthermore the United States admitted to an "oversight" in its failure to produce a document[3] impeaching the credibility of George Clements. (J.A. at 189). Over objection by Appellants' counsel, the district court accepted the testimony of both witnesses.

Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court, and we review those decisions for a clear abuse of discretion. See United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3569 (U.S. Feb. 18, 1997) (No. 96-6450).

The district court did not abuse its discretion in receiving the testimony of Young. Although the district court was willing to grant a continuance so that Appellants could review Young's record (J.A. at 162), counsel for the Appellants indicated that they had adequately reviewed Young's criminal history and were willing to proceed without the continuance. (J.A. at 202-03). Given Appellants' waiver of the matter, and any lack of demonstrable prejudice, it can not be said that the district court abused its discretion in receiving Young's testimony. In any event, the United States submits (and Appellants do not dispute) that Young's testimony was provided solely in support of the application of the murder cross reference provision of U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) (1997) (applying first degree murder guideline to second or third degree murder committed in scope of drug trafficking offense). The district court ultimately chose not to apply the cross reference provision. (J.A. at 484). Because the court did not rely on the testimony, any abuse of discretion by the district court in allowing its admission would be harmless. See generally

_____

[2] The Assistant United States Attorney provided a copy of the document after Appellants' objection.
[3] This document was a motion of the United States to void a plea agreement it had reached with Clements because of Clements' untruthfulness. (J.A. at 670).

3

Arizona v. Fulminante, 499 U.S. 279, 306-08 (1991) (recognizing that harmless error analysis may be applied to most trial errors).

Appellants next claim the court erred by receiving the testimony of George Clements at the sentencing hearing. Prior to the sentencing hearing, the Government did not provide Appellants with its motion to withdraw from its plea agreement with Clements based on his lack of truthfulness. Appellants' counsel learned of the motion on the first day of the hearing. We find no error in the court's decision to consider Clements' testimony. Although the United States admittedly erred in its failure to turn over the material, Appellants had constructive notice of the impeaching material in advance of the hearing. Specifically, counsel received the transcripts of Clements' sentencing hearing in which the Government suggested that Clements had failed to comply with the plea agreement's requirement that he be truthful, thereby violating the plea agreement. Counsel received this transcript several months prior to Appellants' sentencing hearing at which Clements testified. (J.A. at 6, 18, 54-55, 65-66; Supp. Appendix at 55-57). Furthermore, the Government's motion itself was a matter of public record for at least a year. We have held that where information is not only available to a defendant but also lies in a source where a reasonable defendant would have looked, the defendant will not be granted relief based on the government's failure to disclose that information. See United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990). Although these facts do not excuse the Government's oversight, based on our previous holdings and Appellants' ultimate opportunity to cross-examine Clements with evidence of his lack of truthfulness, we believe that Appellants have failed to show an abuse of discretion by the district court.

Appellants next question the decision of the trial court to consider the grand jury testimony of one witness and the telephonic testimony of another. The United States proffered the grand jury testimony of Wealthy Eanes, a juvenile connected with the conspiracy, because Eanes could not be located prior to the sentencing hearing. (J.A. at 259). Additionally, the United States produced the testimony of Sean Watkins via telephone. Mr. Watkins, who was incarcerated at the time, testified with the assistance of counsel and invoked his Fifth Amendment right against self-incrimination at selected points during

4

cross-examination by Appellants' counsel. The court received the testimony of both Eanes and Watkins over Appellants' objections.

As an initial matter, the evidentiary rules as applied during a trial are different than those that apply during sentencing. A sentencing judge's discretion is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972). Even uncorroborated hearsay may be properly placed before the court if the defendants are given the opportunity to rebut or explain it. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993).

In regard to the testimony of Wealthy Eanes, the United States indicated it had made all efforts to locate the witness, but that he was presently a fugitive. Under these circumstances it was reasonable for the court to entertain Eanes' sworn testimony from his earlier grand jury appearance. Following this proffer, Appellants were given an opportunity to point out inconsistencies and to rebut them. (J.A. at 269-72). Given the nature of evidentiary procedure at sentencing and the opportunities afforded to Appellants, the district court did not err in receiving the grand jury testimony of Eanes.

Next, we find that the court's ruling regarding the telephonic testimony of Watkins was also proper. Watkins was examined and cross-examined at length by counsel. (J.A. at 495-541). Moreover, the court noted that Watkins asserted his Fifth Amendment privilege on a question by question basis, refusing to answer only those questions involving illegal activity outside of West Virginia.[4] The result of the privilege acted only to deny Appellants the exact location of Watkins' source for cocaine base which he admitted to purchasing "elsewhere" and distributing to the Appellants in West Virginia. (J.A. at 556). As the district court properly stated, this did not prejudice either of the Appellants. (Id.) Therefore, the court did not abuse its discretion in receiving the testimony of Watkins.

_____

[4] The United States granted Watkins immunity from prosecution for those crimes committed within the Southern District of West Virginia. (J.A. at 556).

5

Appellants' remaining claims attack the district court's application of the sentencing guidelines. First, Appellants assign error to the district court's determination that the quantity of cocaine base procured in Youngstown, Ohio, was reasonably attributable to them, and foreseeable within the scope of the conspiracy.[5] It is well settled that a sentencing court's determinations regarding the quantities of drugs are factual in nature and will be set aside only if clearly erroneous. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). There is ample evidence to support the decision of the court. Numerous witnesses testified that both Venson and Daniel had engaged in the sale of cocaine base in Huntington out of Walker's house. There was also testimony that they exhausted their supplies and gave money to Fowler and Watkins to procure more cocaine base. The Government additionally provided testimony that Venson and Daniel sold the cocaine base acquired from Youngstown. Based on this evidence, the court's decision attributing the Youngstown cocaine base to Venson and Daniel as reasonably foreseeable was not clearly erroneous.

Appellants next assert that they were wrongly denied a reduction for acceptance of responsibility, and claim that the denial was premised on their failure to acknowledge responsibility for the Youngstown cocaine base. A criminal defendant must accept responsibility for all of his conduct to be entitled to a reduction under the guidelines. See United States v. Gordon, 895 F.2d 932, 936 (4th Cir. 1990) (holding that partial acceptance is insufficient). Because we have found no error in the court's attribution of the Youngstown cocaine base to Appellants, we also find no error in the court's refusal to grant a reduction because of Appellants' failure to acknowledge their responsibility for it.

Finally, Venson claims that the court erred by failing to award him a two point reduction for being a minor participant pursuant to USSG § 3B1.2. A trial court's determination of a defendant's role in the offense is factual in nature and will only be disturbed if clearly erroneous. See United States v. Reavis, 48 F.3d 763, 769-70 (4th Cir.

_____

[5] The record reveals that Appellants and their co-conspirators initially procured cocaine base from Atlanta, Georgia, and established a lucrative short term market in Huntington. However, to preclude a lengthy return trip to Atlanta, the final bulk purchase was made in Ohio. (J.A. at 372).

6

1995). Based on our previous discussion of the evidence in this case, we have no doubt the district court was correct in its determination that Venson did not play a minor role in the conspiracy.

We affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7